UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIN RENELLE FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 14-107 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On January 21, 2014, plaintiff Robbin Renelle Franklin ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 24, 2014 Case Management Order ¶ 5.

///
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 9, 2010, plaintiff filed an application for Supplemental Security Income. (Administrative Record ("AR") 17, 152). Plaintiff asserted that she became disabled on January 5, 2007, due to depression, arthritis, pain in her back, arms and legs, stomach problems, and teeth problems. (AR 17, 169). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on May 25, 2012. (AR 34-45).

On August 15, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 17-29). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: osteoporosis, obesity, depression disorder, psychological and physiological reactions to physical conditions, and personality disorder (not otherwise specified) (AR 19); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 20-22); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional limitations[2] (AR 22); (4) plaintiff could not perform her past relevant work (AR 27); (5) there are jobs that exist in significant numbers in the national economy

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2] The ALJ determined that plaintiff: (i) could occasionally perform postural activities (*i.e.*, climbing, stooping, balancing, kneeling, crouching, and crawling); (ii) was precluded from working around dangerous machinery; (iii) was limited to entry level work; (iv) was precluded from working around the general public; and (v) was able to interact with coworkers and supervisors on a superficial basis. (AR 22).

that plaintiff could perform, specifically garment folder, sewing machine operator, and production solderer (AR 28); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 23).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

|   |     |                                                                      |
|---|-----|----------------------------------------------------------------------|
|   | (4) | Does the claimant possess the residual functional capacity to perform the claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B.     Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed properly to consider the medical opinions of plaintiff's treating psychiatrist. (Plaintiff's Motion at 4-7).  For the reasons discussed below, the Court disagrees.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians"), and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians"), and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v.

///

---

[3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

### B.   Pertinent Facts

On November 9, 2011, Dr. Salvador Lasala, plaintiff's treating psychiatrist, completed a Medical Opinion Re: Ability to Do Work-Related Activities (Mental) form in which he checked boxes indicating that (1) plaintiff was seriously limited in her mental abilities to (a) carry out very short and simple instructions, (b) make

simple work-related decisions, (c) ask simple questions or request assistance, (d) be aware of normal hazards and take appropriate precautions, (e) adhere to basic standards of neatness and cleanliness, and (f) travel in unfamiliar places and use public transportation; (2) plaintiff was unable to meet competitive standards (*i.e.*, unable adequately to perform in a regular work setting) in her mental abilities to (a) remember work-like procedures, understand and remember very short and simple instructions, (b) maintain attention for a two-hour segment, (c) maintain regular attendance/punctuality, (d) sustain an ordinary routine without special supervision, (e) work in coordination with or proximity to others without being unduly distracted, (f) complete a normal workday and workweek without symptom-based interruptions, (g) perform at a consistent pace without an unreasonable number and length of rest periods, (h) accept instructions and respond appropriately to criticism from supervisors, (i) get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, (j) respond appropriately to changes in a routine work setting, (k) deal with normal work stress, (l) understand, remember, and carry out detailed instructions, (m) independently set realistic goals or make plans, (n) deal with stress of semiskilled and skilled work, (o) interact appropriately with the general public, and (p) maintain socially appropriate behavior; and (3) plaintiff would likely be absent from work more than four days per month due to her impairments or related treatment (collectively "Dr. Lasala's Opinions").  (AR 353-54).

In her decision, the ALJ gave "little weight" to Dr. Lasala's Opinions.  (AR 26).

**C.   Analysis**

Plaintiff claims that the ALJ "fail[ed] to articulate a legally sufficient rationale" for rejecting Dr. Lasala's Opinions.  (Plaintiff's Motion at 4-6). Plaintiff is not entitled to a reversal or remand on this basis.

///

First, the November 9, 2011 form Dr. Lasala submitted contained only check-the-box opinions. (AR 353-54). As the ALJ noted, Dr. Lasala gave no explanation of the bases supporting the noted significant mental limitations. (AR 26, 353-54). Nor did Dr. Lasala provide a diagnosis or any clinical findings (*i.e.*, results of objective psychological testing or mental status examinations) to support his opinions. (AR 26, 353-54). The ALJ properly rejected Dr. Lasala's Opinions on this basis alone. See, e.g., Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ [] permissibly rejected [psychological evaluation forms] because they were check-off reports that did not contain any explanation of the bases of their conclusions."); see also De Guzman v. Astrue, 343 Fed. Appx. 201, 209 (9th Cir. 2009) (ALJ "is free to reject 'check-off reports that d[o] not contain any explanation of the bases of their conclusions.'") (citing id.); Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

Second, the ALJ also properly rejected Dr. Lasala's Opinions because they were unsupported by the physician's own treatment records for plaintiff. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). For example, Dr. Lasala's treatment notes (all of which are entitled "Medication Progress Note") contain little, if any, mention of the significant mental limitations identified in Dr. Lasala's Opinions. In fact, as the ALJ noted, over a third of Dr. Lasala's treatment notes for plaintiff simply indicate that plaintiff failed to show up for her scheduled appointments. (AR 331-32, 334, 339, 527-28, 530, 534, 536-37, 540). As the

ALJ also noted, the remainder cryptically note plaintiff's subjective complaints and reflect that Dr. Lasala treated plaintiff's symptoms conservatively (*i.e.*, generally advised plaintiff to continue taking the medication she was prescribed (with minor changes) and to return every four to eight weeks), and that plaintiff's mental condition generally remained stable with proper treatment and medication compliance. (AR 25-26, 329-30, 333, 335-39, 526, 531-33, 535, 538-39, 541). Dr. Lasala's mental status examinations of plaintiff were, as the ALJ noted, generally unremarkable. (AR 25-26, 329-30, 333, 335-39, 526, 531-33, 535, 538-39, 541).

Third, in light of the foregoing, the ALJ properly rejected Dr. Lasala's Opinions to the extent Dr. Lasala provided the November 9, 2011 form – a form that plaintiff's attorney solicited – "as an advocate rather than as an objective observer." (AR 26); see Saelee v. Chater, 94 F.3d 520, 522-23 (9th Cir. 1996) (ALJ may question credibility of doctor's opinion letter that was solicited by claimant's attorney) (citation omitted), cert. denied, 519 U.S. 1113 (1997); Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988) (ALJ may properly reject treating physician's opinions where, among other reasons, the physician's letter was solicited by claimant's counsel).

Finally, the ALJ properly rejected Dr. Lasala's Opinions in favor of the conflicting opinions of the state-agency examining psychiatrist, Dr. Linda Smith (who essentially opined that plaintiff was malingering during the consultative psychiatric evaluation and that plaintiff had no impairment in any of her mental abilities") (AR 26) (citing Exhibit C15F [AR 355-62]), and the state-agency reviewing psychiatrists (who opined that plaintiff would be able to perform non-public, simple repetitive tasks) (AR 26) (citing Exhibits C3F-C5F [AR 292-308], C10F [AR 340-41]). The opinions of Dr. Smith were supported by the psychiatrist's independent examination of plaintiff (AR 359-61), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to

reject Dr. Lasala's Opinions. <u>See</u>, <u>e.g.</u>, <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995). The reviewing psychiatrists' opinions also constituted substantial evidence supporting the ALJ's decision since they were supported by the other medical evidence in the record and were consistent with Dr. Smith's opinion and underlying independent examination. <u>See</u> <u>Tonapetyan</u>, 242 F.3d at 1149 (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record); <u>Andrews</u>, 53 F.3d at 1041 ("[R]eports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.").

Accordingly, a remand or reversal on this basis is not warranted.

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 29, 2014

                                                  /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE